UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADNERO PINTO SEBASTIAO,<br><br>Petitioner,<br><br>v.<br><br>DERRICK STAMPER,<br>*Chief Patrol Agent,*<br>*Houlton Sector, U.S. Border Patrol,*<br>et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-cv-00427-SDN |

**ORDER TO SHOW CAUSE**

On September 3, 2026, Petitioner Adnero Pinto Sebastiao filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 3. According to the verified petition, Mr. Sebastiao is an Angolan national who entered the country on a valid tourist visa and subsequently filed an affirmative asylum application with U.S. Citizenship and Immigration Services. *Id.* at 1–2. On the afternoon of September 3, 2026, U.S. Immigration & Customs Enforcement ("ICE") arrested Mr. Sebastiao in the parking lot outside his workplace in Lewiston, Maine while returning from his lunch break.[1] *Id.* at 2. Immediately following the filing of Mr. Sebastiao's petition, this Court issued an emergency order staying Mr. Sebastiao's transfer from the District of Maine for 72 hours. ECF No. 4.

Petitioner seeks, among other remedies, a writ of habeas corpus ordering his immediate release and a declaratory order that his detention is unlawful because he was

[1] Because Petitioner was detained in Maine at the time of the filing of his petition, I find this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

detained without an individualized assessment as required for a warrantless arrest. *See* ECF No. 1 at 14–15.

To ensure I can assess the merits of the petition, Respondents are indefinitely **ENJOINED** from removing Petitioner from the jurisdiction of the United States or transferring Petitioner to a judicial district outside that of Maine pending further order of the Court. Respondents are **ORDERED TO SHOW CAUSE** as to the basis for Petitioner's detention by responding to the merits of his petition before 5:00 p.m. on Friday, September 4, 2026. *See* 28 U.S.C. § 2243. Respondents are directed to substantively respond as to any provisions of law or fact in this case which would distinguish it from *Guerrero Orellana v. Moniz*, --- F.4th ---, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247 (D. Me. 2025), and other similar cases previously decided by this Court, or indicate the matter is not substantively distinguishable.

**SO ORDERED.**

Dated this 3rd day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**